IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN S. EPPERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. No. 99-313-SLR |
| ) | |
| DAVID PIERCE, Warden, and ) | |
| ATTORNEY GENERAL OF THE ) | |
| STATE OF DELAWARE, ) | |
| ) | |
| Respondents.[1] ) | |

**MEMORANDUM**

1. **Background.** In 1996, petitioner was convicted of first degree kidnapping and sexual assault. See *Epperson v. Carroll*, 2004 WL 1588290 (D. Del. July 14, 2004). He was sentenced as a habitual offender to fifty-two years of incarceration followed by a period of probation. *Id.* The Delaware Supreme Court affirmed petitioner's convictions and sentences on direct appeal. *Id.*

2. Petitioner applied for federal habeas corpus relief in this court in May 1999, March 2001, May 2004, and April 2008. All of these applications challenged petitioner's 1996 convictions and sentence. This court denied petitioner's first application on the merits, and his subsequent applications as second or successive. See *Epperson v. Snyder*, Civ. A. No. 99-313-RRM (D. Del. Aug. 11, 2000); *Epperson v, Snyder*, Civ. A.

---

[1]The court has substituted current Warden David Pierce for former Warden Robert Snyder. See Fed. R. Civ. P. 25(d).

No. 01-210-RRM (D. Del. Apr. 2, 2001); *Epperson v. Carroll*, Civ. A. No. 04-332-KAJ (D. Del. July 14, 2004); *Epperson v. Phelps*, Civ. A. No. 08-240-SLR (D. Del. June 2, 2008).

3. In July 2016, petitioner filed in this court a Rule 60(b) motion for reconsideration of the 2000 dismissal of his first application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (D.I. 27 at 1-43), and an appendix to the motion. (D.I. 27 at 44-97)

4. **Standard of Review.** A motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). A Rule 60(b) motion is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances. *See Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). A court may grant a Rule 60(b) motion only in extraordinary circumstances. *See Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

5. Additionally, when a district court is presented with a motion for reconsideration after it has denied a petitioner's § 2254 application, the court must first determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit,

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Under AEDPA, a prisoner cannot file a second or successive habeas application without first obtaining approval from the Court of Appeals and, absent such authorization, a district court cannot consider the merits of a subsequent application. *See* 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

6. **Discussion.** The instant Rule 60(b) motion for reconsideration asks the court to "review[] the Superior Court and Delaware Supreme Court decision[s] pursuant to Nov[ember] 2015 and 6/21/16 as abuse of discretion which results in a void judgment." (D.I. 27 at 3) He contends that the original indictment that led to his 1996 conviction was constructively amended in violation of the Fifth Amendment, and he asks the court to vacate his conviction and sentence. (D.I. 27 at 4) Viewed in context with petitioner's other filings, it is clear that the arguments in the motion challenge petitioner's underlying 1996 convictions, and the motion either reasserts the arguments petitioner presented in the § 2254 application that was denied in 2001, or asserts arguments that could have been presented in his first federal habeas application. As such, the court concludes that the instant motion constitutes a second or successive habeas application within the meaning of 28 U.S.C. § 2244.

7. Petitioner does not allege that the Third Circuit authorized the filing of the pending motion/application. Accordingly, the court will dismiss the motion/second or successive habeas application for lack of jurisdiction. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions); 28 U.S.C. § 2244(b)(1).

3

8. Additionally, to the extent one may be necessary, the court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); United States v. Eyer, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011).

9. **Conclusion.** For the above reasons, the court will dismiss the instant Rule 60(b) motion for reconsideration and petitioner's related motion for an evidentiary hearing. A separate order shall issue.

Dated: November 17, 2016

UNITED STATES DISTRICT JUDGE